ETHRIDGE *v.* MAYOR AND COUNCIL OF FORSYTH.

Averments in an affidavit attached to a petition for certiorari, that the same is not filed for delay, and that the affiant believes he has good cause for certiorari, necessarily mean that the petition is not filed for delay "only," and that the affiant "verily" believes his petition is meritorious. The omission, therefore, from such an affidavit of the above-quoted words does not afford cause for dismissing the certiorari "on account of the insufficiency of the affidavit of the petitioner."

Argued October 16, — Decided October 28, 1899.

Certiorari. Before Judge Reagan. Monroe superior court. August term, 1899.

*Stone & Williamson*, for plaintiff in error.
*Persons & Persons*, contra.

LUMPKIN, P. J.　After conviction in the municipal court of Forsyth of a violation of an ordinance of that city, Ethridge sued out a certiorari. It was in the superior court dismissed "on account of the insufficiency of the affidavit of the petitioner." An inspection of the affidavit shows a manifest intention to comply with the provisions of section 4638 of the Civil Code, which prescribes the form of affidavit to be made in all cases of certiorari except to the court of ordinary. The only criticisms upon the affidavit suggested in the argument here were, that the word "only" did not appear after the word "delay," and that the word "verily" was not inserted before the word "believe," so as to make the affidavit conform to the language of the form prescribed by that section. We think there was a substantial compliance with the requirements of the law. One who swears that he does not sue out a certiorari for the purpose of delay necessarily avers that it is not sued out for "delay only." Indeed, an affidavit omitting the word "only" is really stronger in this respect than the law requires; for a general affirmation that the petition is not filed for delay completely negatives the idea that mere postponement entered at all into the motives of the affiant in seeking to take his case up. We are further of the opinion that one who swears he believes a thing in effect swears he "verily" believes it. It is inconceivable how a party can believe he has good cause for certiorari without at the same time "verily" entertaining that conviction. We therefore hold that the court below erred in dismissing the certiorari.

*Judgment reversed.　All the Justices concurring.*